Stephanie R. Tatar (237792)
TATAR LAW FIRM, APC
3500 West Olive Avenue, Suite 300
Burbank, CA 91505
Telephone: (323) 744-1146
Stephanie@thetatarlawfirm.com

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRITTANY AMELIA JOHNSON**<br><br>Plaintiff,<br><br>vs.<br><br>**ACCURATE BACKGROUND, INC.**<br><br>Defendant. | Civil Action No. 8:20-cv-845<br><br>**COMPLAINT FOR VIOLATIONS OF FAIR CREDIT REPORTING ACT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT
## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against Defendant Accurate Background, Inc. (hereafter "Accurate"), for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*. Under the FCRA, "consumer reports" subject to the statute's protections include not simply those used in establishing the consumer's eligibility for credit, but also those used for "employment purposes." 15 U.S.C. § 1681a(d)(1)(B).

2. Defendant Accurate is a consumer reporting agency which provides background and employment screening services, and decision-making intelligence to prospective employers.

3. The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b). Congress included in the statutory scheme a series of protections that impose strict procedural rules on consumer reporting agencies such as Accurate. This action involves Defendant Accurate's systematic violation of several of those important rules.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff Brittany Amelia Johnson is an adult individual who resides in the State of Louisiana.

7. Defendant Accurate Background, Inc. ("Accurate") is a business entity which provides background and employment screening services, risk-management services and products, information management products and services, and decisions-making intelligence. Accurate regularly conducts business in the Central District of California and has a principal place of business located at 7515 Irvine Center Dr., Irvine, CA 92618.

**FACTUAL ALLEGATIONS**

8. In or around March 2020, Plaintiff applied for a position with Amazon.

9. As part of her job application, Plaintiff signed documents purportedly authorizing Amazon to obtain a consumer report for employment purposes.

10. Amazon requested a consumer report from Accurate, and Accurate sold to Amazon a consumer report concerning the Plaintiff on or around April 3, 2020, to Amazon.

11. The reports furnished by Accurate were for employment purposes.

12. The consumer reports contained at least one item of information which was a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically with Amazon.

13. Defendant Accurate has been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history and record to third parties.

14. The inaccurate information includes, but is not limited to, a misdemeanor for harassment that does not belong to Plaintiff but in fact belongs to another individual. Accurate is falsely reporting the criminal history as belonging to Plaintiff (herein after the "inaccurate information").

15. The inaccurate information grossly disparages the Plaintiff and portrays her as a criminal, which she is not. There is perhaps no greater error that a consumer reporting agency can make.

16. The inaccurate information consists of inaccurate statements and personal information that does not belong to the Plaintiff, and that actually belong to another consumer. Due to Defendant's faulty procedures, Defendant mixed the consumer report of Plaintiff with that of at least one other consumer with respect to the inaccurate information.

17. In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff.

18. Plaintiff was subsequently denied employment at Amazon and Plaintiff was informed by Amazon that the basis for this denial was the inaccurate criminal information that appears on Plaintiff's Accurate consumer report and that the inaccurate information was a substantial factor for the denial.

18. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunity, harm to reputation, and emotional distress, including anxiety, frustration, humiliation and embarrassment.

19. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of its agency or employment, and under the direct supervision and control of the Defendant herein.

20. At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was intentional, willful, reckless, negligent, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## COUNT I – ACCURATE
## VIOLATIONS OF THE FCRA

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

23. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

4

COMPLAINT AND JURY DEMAND

24. At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

25. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

26. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

27. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendant, for the following requested relief:

A. Actual damages;

B. Statutory damages;

C. Punitive damages;

D. Costs and reasonable attorney's fees; and

1     E.    Such other and further relief as may be necessary, just and proper.

Dated: May 4, 2020                       Respectfully Submitted,

                                          **TATAR LAW FIRM, APC**

                                          Stephanie Tatar
3500 West Olive Avenue
Suite 300
Burbank, CA 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695

Attorneys for Plaintiff